

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00829-CV

Felipe N. **GOMEZ**,
Appellant

v.

Alan **BRAID**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CI08302
Honorable Aaron Haas, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
    Luz Elena D. Chapa, Justice
    Beth Watkins, Justice

Delivered and Filed: February 21, 2024

AFFIRMED

Appellant Felipe N. Gomez appeals the trial court's December 12, 2022 order granting appellee Alan Braid, M.D.'s plea to the jurisdiction. Gomez argues the trial court erred by failing to consider his 402.010 motion and failing to assure 402.010 notice was served on the Attorney General of Texas. We affirm.

## BACKGROUND

Gomez filed a petition in May 2022 against Dr. Braid, seeking a declaration the doctor violated Texas Health & Safety Code § 171.208 ("SB8") and a $10,000 award for having

prosecuted the doctor. Four months after filing suit, Gomez filed a motion styled "Plaintiff's Gov't Code Sec. 402.010(a) Motion and Request for Finding as to Constitutionality of Plaintiff's Pursuing SB8 Case," asking the trial court to determine SB8's constitutionality. On October 19, 2022, Dr. Braid filed a plea to the jurisdiction and motion to dismiss for lack of subject-matter jurisdiction, arguing, among other things, Gomez did not have standing under the Texas Constitution to prosecute Dr. Braid under SB8. The trial court granted Dr. Braid's plea to the jurisdiction and dismissed Gomez's case against him on December 12, 2022.

This appeal followed.

## TEXAS GOVERNMENT CODE § 402.010

Gomez argues the trial court erred by: (1) failing to hear his Texas Government Code section 402.010 motion, (2) failing to assure 402.010 notice was issued to the State, and (3) failing to determine whether Dr. Braid was required to "file a 402.010." He further argues this court should remand the case to the trial court because it failed to comply with section 402.010.

### A. Law

Texas Government Code § 402.010 provides, in pertinent part:

(a) In an action in which a party to the litigation files a petition, motion, or other pleading challenging the constitutionality of a statute of this state, the party shall file the form required by Subsection (a-1). The court shall, if the attorney general is not a party to or counsel involved in the litigation, serve notice of the constitutional challenge and a copy of the petition, motion, or other pleading that raises the challenge on the attorney general either by certified or registered mail or electronically to an e-mail address designated by the attorney general for the purposes of this section.

(a-1) The Office of Court Administration of the Texas Judicial System shall adopt the form that a party challenging the constitutionality of a statute of this state must file with the court in which the action is pending indicating which pleading should be served on the attorney general in accordance with this section.

(b) A court may not enter a final judgment holding a statute of this state unconstitutional before the 45th day after the date notice required by Subsection (a) is served on the attorney general.

(c) A party's failure to file as required by Subsection (a) or a court's failure to serve notice as required by Subsection (a) does not deprive the court of jurisdiction or forfeit an otherwise timely filed claim or defense based on the challenge to the constitutionality of a statute of this state.

. . . .

TEX. GOV'T CODE § 402.010; *Abbott v. Mex. Am. Legis. Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 697 (Tex. 2022); *In re Ginsberg*, 630 S.W.3d 1, 12 (Tex. 2018). The statute does not define "challenging" in the phrase "challenging the constitutionality of a statute of this state," and we therefore give the term its plain meaning. *See, e.g.*, *Thompson v. Tex. Dep't of Licensing & Regul.*, 455 S.W.3d 569, 570 (Tex. 2014) (per curiam); *Matter of E.B.*, No. 12-22-00162-CV, 2022 WL 17074849, at *3–4 (Tex. App.—Tyler Nov. 17, 2022, no pet.) (mem. op.). Black's Law Dictionary defines "challenge" as "[t]o dispute or call into question," or "[t]o formally object to the legality or legal qualifications of." *Challenge*, BLACK'S LAW DICTIONARY (11th ed. 2019), *available at Westlaw.*

"To determine the correct standard of review, we look first to the statute." *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). Because the statute uses the term "shall" to provide the trial court "shall . . . serve notice of the constitutional challenge . . . on the attorney general," TEX. GOV'T CODE § 402.010(a), the trial court has no discretion but to do so. *See Bocquet*, 972 S.W.2d at 20 ("Statutes providing that a party 'may recover,' 'shall be awarded,' or 'is entitled to' attorney fees are not discretionary."); *Walker v. Walker*, 631 S.W.3d 259, 267 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing cases); *see also* TEX. GOV'T CODE § 311.016 (providing "'shall' imposes a duty"); *In re State*, 489 S.W.3d 454, 455 (Tex. 2016) (orig. proceeding) (Willett, J., concurring) (providing trial court's section 402.010(a) duty is "categorical").

**B. Analysis**

Turning to the record, Gomez filed his section 402.010 motion in October 2022, explaining Dr. Braid "believes SB8 unconstitutional" and asking the trial court to "FIND the Constitutionality of SB8" because "Plaintiff is unwilling to prosecute if in fact the Court finds . . . SB8 is facially and substantively flawed." Gomez also filed the section 402.010 form entitled "Challenge to Constitutionality of a State Statute." *See* TEX. GOV'T CODE § 402.010(a-1). In the form, he moved for a "[d]eclaration as to Plaintiff's Right to proceed as to Constitutionality of SB8" adding he was "concerned that SB8 is unusable" and sought "a finding whether SB8 is Constitutional or not." *See id.* On October 19, 2022, Dr. Braid filed a plea to the jurisdiction and motion to dismiss for lack of subject-matter jurisdiction, arguing, among other things, Gomez did not have standing under the Texas Constitution to prosecute Dr. Braid under the provision. During the hearing, the trial court heard argument from Gomez on his 402.010 motion and his assertion SB8 was unconstitutional.[1]

Taken together, Gomez's filings appear to challenge Texas Health & Safety Code § 171.208's constitutionality and appear to comply with Section 402.010(a). *See id.* § 402.010(a); *Challenge*, BLACK'S LAW DICTIONARY. However, nothing in the record shows the trial court provided the attorney general with section 402.010(a) notice.[2] *See* TEX. GOV'T CODE § 402.010(a). Nevertheless, the trial court's December 12, 2022 order does not address the statute's constitutionality. *See id.* § 402.010(b) ("A court may not enter a final judgment holding a statute

---

[1] The trial court expressed confusion over Gomez's assertion SB8 is unconstitutional because he sued Dr. Braid under SB8. Gomez agreed he did file suit against Dr. Braid under SB8, but he explained he did not want to violate Dr. Braid's "constitutional rights," and had "an interest in public law." He disagreed with Dr. Braid's assertion, however, that he lacked standing.

[2] Dr. Braid's plea to the jurisdiction was served on the Attorney General at "const_claims@texasattorneygeneral.gov." *Cf.* TEX. GOV'T CODE § 402.010(a) (trial court required to serve notice, which may be via email).

of this state unconstitutional before the 45th day after the date notice required by Subsection (a) is served on the attorney general."). It provides, in pertinent part:

> After considering Defendant Alan Braid M.D.'s Plea to the Jurisdiction . . . , [and] any response and the arguments of counsel, the court
>
> GRANTS the plea to the jurisdiction;
>
> . . . .
>
>  . . . It is, therefore
>
> ORDERED that all of Plaintiff Felipe N. Gomez's claims and causes of action are dismissed without prejudice. . . .
>
>  . . . It is further
>
> ORDERED that any and all other claims and requests for relief are DENIED. This order fully and finally disposes of all claims and all parties and is appealable.[3]

In other words, the December 12, 2022 order, which fully and finally disposes of all claims and parties, does not hold "a statute of this state unconstitutional." *See id.*; *see also Int. of C.E.A.Q.*, No. 09-19-00037-CV, 2020 WL 5240458, at *4 (Tex. App.—Beaumont Sept. 3, 2020, pet. denied) ("Section 402.010(b) of the Government Code expressly states that the trial court must observe the forty-five-day waiting period when entering a final judgment that declares a state statute unconstitutional; that is, it does not require the trial court to wait forty-five days before rejecting a challenge to the constitutionality of a statute. In this case, the trial court did not hold the statute unconstitutional; therefore, the forty-five-day waiting period in section 402.010(b) of the Government Code does not apply." (citation omitted)). And Gomez does not otherwise identify how the trial court's actions pertaining to his section 402.010 motion constituted reversible error

---

[3] *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

resulting in an improper judgment. *See* TEX. R. APP. P. 44.1(a). We therefore cannot conclude the trial court erred by failing to provide the attorney general with section 402.010(a) notice.[4]

**CONCLUSION**

We affirm the trial court's order.[5]

Luz Elena D. Chapa, Justice

---

[4] Nor does Gomez challenge the ground asserted in the plea to the jurisdiction, requiring us to affirm the trial court's ruling. *See Palma v. Gen. Land Off. of Tex.*, No. 14-22-00350-CV, 2023 WL 5217768, at *2 (Tex. App.—Houston [14th Dist.] Aug. 15, 2023, pet. denied) (affirming trial court's order granting plea to the jurisdiction because appellant failed to challenge each independent ground of plea).

[5] On March 22, 2023, we struck purported intervenor Wolfgang P. Hirczy de Miño's filings. Four months later, Hirczy de Miño filed a motion for leave to file consolidated original proceedings. For the reasons stated in our March 22, 2023 order, Hirczy de Miño's motion is denied, and Gomez's motion to strike Hirczy de Miño's motion is denied as moot.